O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE SABACKY,<br><br>              Plaintiff,<br><br>   v.<br><br>ONEWEST BANK, F.S.B,, a bank; STATE OF CALIFORNIA, a sovereign state entity; SUPERIOR COURT OF THE STATE OF CALIFORNIA, a judicial state entity; JERRY BROWN, as Governor of the State of California; KAMALA HARRIS, as Attorney General of the State of California; JUDGE DAVID S. WESLEY, Presiding Judge of the Superior Court of the County of Los Angeles; SHERIFF OF THE COUNTY OF LOS ANGELES, an enforcement peace officer as an arm of the Superior Court; FIRST FEDERAL BANK OF CALIFORNIA; MTC FINANCIAL INC., dba Trustee Corps, as Trustee; T.D. SERVICE COMPANY, as Trustee; NATIONAL CITY MORTGAGE, and Does 1-10,<br><br>             Defendants. | Case No. CV 15-00546 DDP (KK)<br><br>**ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER AND THE REQUEST IN THE ALTERNATIVE FOR A STAY OF PROCEEDINGS**<br><br>[Dkt. No. 1.] |


On January 23, Plaintiff filed a complaint with this Court regarding an unlawful detainer matter pending in state court.  As part of the complaint, Plaintiff seeks, as his first Cause of Action, a "writ of mandate for temporary restraining order and preliminary injunction for all defendants."  (Complaint at 10.)  More specifically, he seeks "an order enjoining the defendant governmental officials from the continued processing of this plaintiff's UD action removed to this court, and further to enjoin the foreclosing defendants from any resale, re-conveyance or hypothecation of the subject premises pendent lite."[1]  (Complaint, ¶ 16.)  Although this request would more properly come before the Court as a separate application, see L.R. 65-1, for reasons of economy and because Plaintiff is not represented the Court considers the application on the merits.

"The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction." Whitman v. Hawaiian Tug & Barge Corporation/Young Bros., Ltd. Salaried Pension Plan, 27 F.Supp.2d 1225, 1228 (D.Haw.1998).  Thus, to succeed in an application for a TRO, the moving party must show "either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor." Coal. for Econ. Equity v. Wilson, 122 F.3d 692, 700 (9th Cir. 1997).  As

---

[1] Despite Plaintiff's characterization, the Court does not consider the state court matter to have been "removed to this court" in this case.  See Onewest Bank FSB v. Dale Sabacky, No. 2:14-cv-09308-DDP-FFM, Dkt. No. 8 (Dec. 15, 2014) (prohibiting Plaintiff from filing any further notice of removal from Los Angeles Superior Court without an order of the Court or the Chief Judge).

to success on the merits, Plaintiff presents no argument other than the conclusory statement that "defendants have little or no defenses the serious allegations against them [sic] and otherwise have has [sic] no justiciable claims against Plaintiff." (Complaint, ¶ 19.)  The Court finds that there is no cause to grant the TRO requested.

Plaintiff also "move[s] for" a stay of proceedings in the event that the TRO is denied.  (Complaint at 12:16-19.)  A motion for a stay of proceedings should be a noticed motion filed in accordance with local rules.

The application for a temporary restraining order, and the request in the alternative for a stay of proceedings, are hereby DENIED.

IT IS SO ORDERED.


Dated: January 26, 2015

DEAN D. PREGERSON
United States District Judge