UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE SABACKY, | Case No. CV 15-546-DDP (KK) |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | |
| ONEWEST BANK, N.A., *et al.*, | |
| Defendants. | |

Plaintiff Dale Sabacky, proceeding *pro se*, has filed a federal Complaint challenging an unlawful detainer action against him that is currently pending in Los Angeles County Superior Court. The Complaint contains 11 causes of action, only one of which, under 42 U.S.C. § 1983 ("section 1983"), arises under federal law. As discussed below, Plaintiff's section 1983 claim is deficient. Thus, the Court dismisses the Complaint with leave to amend.[1]

///
///
///

---

[1] On February 27, 2015, one of the Defendants, OneWest Bank, N.A., filed a Motion to Dismiss the Complaint. ECF No. 19. This Order renders that motion moot, and the Court denies it without prejudice.

1

## II.

## BACKGROUND

**A.    Complaint**

On January 23, 2015, Plaintiff filed the instant Complaint. ECF No. 1 at 2. Plaintiff alleges Defendant OneWest Bank, N.A. ("OneWest") illegally procured the title to his house in a foreclosure sale, then commenced a meritless unlawful detainer action against him in Los Angeles County Superior Court, which is currently pending. Id. at 2, 54.  Plaintiff alleges 11 causes of action:  (1) "for writ of mandate for temporary restraining order and preliminary injunction"; (2) "for fraud by intentional violation of" various California civil code provisions; (3) "for negligence"; (4) "for declaratory relief/judgment"; (5) "for equitable rescission of illegal foreclosure"; (6) "for fraud by wrongful foreclosure"; (7) "for slander of title"; (8) "for breach of contract"; (9) "for promissory estoppel to enforce the terms of a written agreement not to foreclose"; (10) "to quiet title"; and (11) for "discrimination and violation of due process and equal protection of the laws under the 5th and 14th Amendment[s] to the United States Constitution and denial of equal protection of the law by all Defendants both public and private, California state officials and the judicial branch, and Does 1-100, inclusively."[2] Id. at 10-21.  With regard to the last cause of action, which arises under section 1983, Plaintiff claims his constitutional rights are being violated because, in the unlawful detainer action, he may not "raise the defense of illegality in the procurement of title." Id. at 2 (emphasis omitted); see also id. at 21-22.

In addition to OneWest, Plaintiff sues the following Defendants:  the State of

---

[2] According to OneWest's Motion to Dismiss, Plaintiff raised the first ten of these causes of action – which arise under state law – in a Los Angeles County Superior Court complaint that was dismissed last year. ECF No. 19 at 11-16. OneWest argues these causes of action are thus subject to dismissal, in part due to *res judicata*. Id.  Because Plaintiff's sole federal claim is subject to dismissal, the Court presently declines to address whether his state-law claims are subject to dismissal as well. See Lacey v. Maricopa County, 649 F.3d 1118, 1137 (9th Cir. 2011); see also 28 U.S.C. § 1367(c).

California; the Superior Court of the State of California; Jerry Brown, "as Governor of the State of California"; Kamala Harris, "as Attorney General of the State of California"; Superior Court Judge David S. Wesley; the Los Angeles County Sheriff, "as an arm of the Superior Court"; First Federal Bank of California; MTC Financial Inc.; T.D. Service Company; and various unknown "Doe" defendants. Id. at 1. Plaintiff alleges "[a]ll defendants are in some way . . . agents and operatives of each other," and thus they "share responsibility for all acts complained of herein." Id. at 6.

In terms of relief, Plaintiff seeks compensatory and punitive damages against all Defendants. Id. at 26. Plaintiff also seeks, specifically under section 1983, an order (1) "declaring" California's "current unlawful detainer statutes and case law" violate federal law; (2) enjoining the "enforcement" of California's unlawful detainer laws; and (3) dismissing the current unlawful detainer action against Plaintiff. Id. at 26-27.

**B.      Denial of Temporary Restraining Order**

In the Complaint, Plaintiff sought a writ of mandate for a temporary restraining order ("TRO") to enjoin "the defendant governmental officials from the continued processing of this plaintiff's [unlawful detainer] action . . . , and further to enjoin the foreclosing defendants from any resale, re-conveyance or hypothecation of the subject premises pendent[e] lite." Id. at 10. On January 26, 2015, the Court, Judge Dean D. Pregerson, denied the request for a TRO, finding Plaintiff failed to show a likelihood of success on the merits. ECF No. 5 at 3. In denying the TRO, the Court noted Plaintiff had a history of improperly removing his unlawful detainer action to this Court, and has been prohibited from doing so again without prior leave of the Court, in order to prevent "further abus[e]" of the federal court system to "obstruct" state proceedings.[3] Id. at 2 n.1

---

[3] On February 9, 2015, and February 12, 2015, Plaintiff filed motions to disqualify Judge Pregerson. ECF Nos. 7, 9. Those motions were referred to Judge Dolly M. Gee, who denied them on February 20, 2015. ECF No. 13.

(discussing OneWest Bank FSB v. Sabacky, Case No. 2:14-cv-9308-DDP-FFM, ECF No. 8 (C.D. Cal. 2014)); see also OneWest Bank, FSB v. Sabacky, Case No. 2:14-cv-2445-FMO-AJW, ECF No. 9 (C.D. Cal. 2014) (remanding action to state court for lack of federal question jurisdiction over "what appears to be a routine unlawful detainer action").[4]

## II.
## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed for failure to state a claim upon which relief can be granted. "A trial court may dismiss a claim *sua sponte* under Fed. R. Civ. P. 12(b)(6)." Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987) (citations omitted). "Such a dismissal may be made without notice where the claimant cannot possibly win relief." Id. (citation omitted).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007) (citation and internal quotation marks omitted). In considering whether a complaint states a claim, "a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011) (citation and internal quotation marks omitted). However, a court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir.

---

[4] The Court takes judicial notice of Plaintiff's other cases. A court "may take judicial notice of matters of public record," including of "proceedings and filings" in other cases and "in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (citations and internal quotation marks omitted); United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (citations and internal quotation marks omitted).

2008) (citation and internal quotation marks omitted).  While a complaint may not be dismissed simply because its factual allegations seem "unlikely," it may be dismissed if the allegations "rise to the level of the irrational or the wholly incredible." Denton v. Hernandez, 504 U.S. 25, 33, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992).  "[T]o be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Lacey v. Maricopa Cnty., 693 F.3d 896, 911 (9th Cir. 2012) (citations and internal quotation marks omitted).  "[F]actual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." Starr, 652 F.3d at 1216.  A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (citation and internal quotation marks omitted).

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008) (citations and internal quotation marks omitted).  "[W]e have an obligation where the petitioner is *pro se*, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation and internal quotation marks omitted).  If, however, a court finds that a *pro se* complaint fails to state a claim, the Court may dismiss the complaint with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

## III.

## DISCUSSION

Plaintiff's section 1983 claim is the Complaint's sole federal claim. Under section 1983, Plaintiff sues for "discrimination and violation of due process and equal protection of the laws under the 5th and 14th Amendment[s] to the United States Constitution and denial of equal protection of the law by all Defendants both public and private, California state officials and the judicial branch, and Does 1-100, inclusively." ECF No. 1 at 21. The Complaint seeks compensatory and punitive damages against all Defendants. Id. at 26. Plaintiff also seeks, specifically under section 1983, an order dismissing the current unlawful detainer action against him. Id. at 27. Plaintiff's section 1983 claim is deficient for multiple reasons: (1) it seeks relief that would violate the Anti-Injunction Act; (2) it sues at least one Defendant who has judicial immunity; (3) it sues private actors; and (4) it sues actors that are immune from suit under the Eleventh Amendment. Thus, the Court dismisses the section 1983 claim.

**A.    Plaintiff Seeks Relief that Would Violate the Anti-Injunction Act.**

Under section 1983, Plaintiff asks this Court to enjoin the current unlawful detainer action against him in Los Angeles County Superior Court. Id. at 27. Federal intervention in state-court proceedings is barred "in all but the narrowest circumstances." Sandpiper Vill. Condo. Assoc., Inc. v. Louisiana-Pac. Corp., 428 F.3d 831, 842 (9th Cir. 2005) (citations omitted). Under the Anti-Injunction Act, a federal court may not enjoin "'proceedings except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.'" Id. (quoting 28 U.S.C. § 2283). Any "doubts as to the propriety of a federal injunction against state court proceedings [will] be resolved in favor of permitting the state courts to proceed," and the Ninth Circuit "will uphold an injunction only on a strong and unequivocal showing that such relief is necessary." Id. (citations and internal quotation marks omitted).

Here, Plaintiff has failed to meet his burden of showing that federal intervention in

the state unlawful detainer action against him is appropriate. First, there is no Act of Congress "authorizing a district court to enjoin a state unlawful detainer action." Scherbenske v. Wachovia Mortgage, FSB, 626 F. Supp. 2d 1052, 1059 (E.D. Cal. 2009). Second, Plaintiff has not shown that an injunction is necessary to aid this Court's jurisdiction, *i.e.*, that the unlawful detainer action against him would "seriously impair" this Court's "authority to decide this case." Sandpiper, 428 F.3d at 843 (citation, footnote, and internal quotation marks omitted). Third, the Court has not issued any judgments in this action, much less any judgments that need to be "protect[ed] or effectuate[d]." Id. at 842; see also Montana v. BNSF Railway Co., 623 F.3d 1312, 1315-16 (9th Cir. 2010) (stating the third exception to the Anti-Injunction Act only applies "where the federal court has actually decided the claims or issues presented in [a] subsequent state action") (citation omitted). Thus, the Court may not enjoin the current unlawful detainer action against Plaintiff in Los Angeles County Superior Court, and Plaintiff's request for such relief must be dismissed.

**B.    Plaintiff Does Not State Any Allegations Against Judge Wesley, and Fails to Overcome the Presumption that Judge Wesley Is Immune from Suit.**

Plaintiff's section 1983 claim is against "all Defendants," one of whom is Superior Court Judge David S. Wesley. ECF No. 1 at 1, 21. The Complaint does not contain any factual allegations against Judge Wesley. The complete absence of factual allegations against Judge Wesley is, by itself, sufficient reason to dismiss all claims against him. See Zamani, 491 F.3d at 996 (stating complaint may be dismissed for "absence of sufficient facts alleged to support a cognizable legal theory").

Construing the Complaint liberally, the Court assumes Plaintiff named Judge Wesley as a defendant because Judge Wesley is presiding over Plaintiff's unlawful detainer action. If so, Judge Wesley is immune from suit. "It is well settled that judges are generally immune from civil liability under section 1983." Meek v. Cnty. of Riverside, 183 F.3d 962, 965 (9th Cir. 1999) (citation omitted). "A judge is not deprived

7

of immunity" even where "he takes actions which are in error, are done maliciously, or are in excess of his authority." Id. (citation omitted). Indeed, there are only "two situations in which judges are not absolutely immune from liability arising out of official" actions: (1) when the actions were "not taken in the judge's judicial capacity," and (2) when the actions, "though judicial in nature, [were] taken in the complete absence of all jurisdiction." Id. (citations and internal quotation marks omitted).

Assuming Judge Wesley is presiding over Plaintiff's unlawful detainer action, Plaintiff is challenging actions taken in Judge Wesley's "judicial capacity," which are absolutely immune from suit. Id. Moreover, Plaintiff has not alleged – much less plausibly suggested – Judge Wesley is acting "in the complete absence of all jurisdiction." Id. Thus, Judge Wesley is immune from suit and all claims against him, including Plaintiff's section 1983 claim, must be dismissed.

**C. Plaintiff May Not Sue Private Actors under Section 1983.**

Plaintiff's section 1983 claim is against "all Defendants public and private," which include at least four financial institutions that appear to be private: OneWest, MTC Financial Inc., T.D. Service Company, and First Federal Bank of California. ECF No. 1 at 1, 21. In order to state a claim for a civil rights violation under section 1983, a plaintiff must allege that a particular defendant, "acting under color of state law," deprived plaintiff of a right guaranteed under the U.S. Constitution or a federal statute. 42 U.S.C. § 1983; see West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988). Private parties "ordinarily do not act 'under color of state law' within the meaning of 42 U.S.C. § 1983." Radcliffe v. Rainbow Construction Co., 254 F.3d 772, 777 (9th Cir. 2001). Private parties are only liable under section 1983 if they are "jointly engaged with state officials in the challenged action." Dietrich v. John Ascuaga's Nugget, 548 F.3d 892, 900 (9th Cir. 2008) (citations and internal quotation marks omitted). "However, a bare allegation of such joint action will not overcome a motion to dismiss; the plaintiff must allege facts tending to show that [Defendants] acted under color of state law or

1 authority." Id. (citation and internal quotation marks omitted).

2 The Complaint does not contain any specific allegations as to how the private financial institution Defendants have violated Plaintiff's federal rights. The absence of any such allegations is, by itself, sufficient reason to dismiss the section 1983 claim against those institutions. See Zamani, 491 F.3d at 996 (stating complaint may be dismissed for "absence of sufficient facts alleged to support a cognizable legal theory"). Furthermore, Plaintiff has not alleged sufficient facts to demonstrate the financial institution Defendants "jointly engaged with state officials" in violating Plaintiff's rights. Dietrich, 548 F.3d at 900. Plaintiff alleges that "[a]ll defendants are in some way . . . agents and operatives of each other" and "share responsibility for all acts complained of herein." ECF No. 1 at 6. However, such conclusory and bare allegations are insufficient to demonstrate the financial institution Defendants acted under color of state law. See Dietrich, 548 F.3d at 900. Thus, Plaintiff's section 1983 claim must be dismissed.

**D. Plaintiff May Not Sue Defendants that are Immune under the Eleventh Amendment.**

Plaintiff's section 1983 claim is against "all Defendants," including the State of California; the Superior Court of the State of California; the Los Angeles County Sheriff, "as an arm of the Superior Court"; Jerry Brown, "as Governor of the State of California"; and Kamala Harris, "as Attorney General of the State of California." ECF No. 1 at 1, 21. "States are protected by the Eleventh Amendment from suits brought by citizens in federal court." Assoc. des Eleveurs de Canards et d'Oies du Quebec v. Harris, 729 F.3d 937, 943 (9th Cir. 2013) (citation and internal quotation marks omitted). "An exception under Ex Parte Young, 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908), however, allows citizens to sue state officers in their official capacities for prospective declaratory or injunctive relief for their alleged violations of federal law." Id. (citation, internal quotation marks, and ellipsis omitted).

To the extent Plaintiff seeks damages against any of the state entity Defendants, his

9

suit is "plainly barred." Assoc. des Eleveurs, 729 F.3d at 943 ("Plaintiffs are plainly barred by the Eleventh Amendment from suing the State of California in federal court."); see also Simmons v. Sacramento Cnty. Super. Ct., 318 F.3d 1156, 1161 (9th Cir. 2003) (ruling that suits against the Superior Court or its employees are barred by the Eleventh Amendment); Confederated Tribes & Bands of Yakama Indian Nation v. Locke, 176 F.3d 467, 469 (9th Cir. 1999) (ruling that plaintiff's "claim for damages against the governor in his official capacity is barred by the Eleventh Amendment") (citations omitted). As previously stated, to the extent Plaintiff seeks injunctive relief, that relief – an order enjoining the unlawful detainer action pending against Plaintiff – would violate the Anti-Injunction Act. See supra Section III.A. Thus, Plaintiff's section 1983 claim must be dismissed.

## IV.
## CONCLUSION

For the foregoing reasons, Plaintiff's section 1983 claim is subject to dismissal. The Court declines to address Plaintiff's remaining state-law claims at this time, and dismisses the Complaint with leave to amend. See Lacey, 649 F.3d at 1137; see also 28 U.S.C. § 1367(c).

Accordingly, IT IS ORDERED THAT, within **14 days** of the date of this Order, Plaintiff may file a First Amended Complaint ("FAC") to attempt to cure the deficiencies in his Complaint. If Plaintiff chooses to file a FAC, the FAC should bear the docket number assigned to this case, be labeled "First Amended Complaint," and be complete in and of itself without reference to the Complaint or any other pleading, attachment, or document.

///
///
///
///

1 | **Plaintiff is admonished that if he fails to timely file a sufficient FAC, the Court
2 | will recommend that this action be dismissed with prejudice for failure to diligently
3 | prosecute and/or failure to follow Court orders.**
4 |
5 | DATED: April 27, 2015         _____/s/ Kenly Kiya Kato_____
6 |                                         HONORABLE KENLY KIYA KATO
                                        UNITED STATES MAGISTRATE JUDGE